Richard L. Seabolt (CaBN 67469)
**DUANE MORRIS LLP**
One Market Plaza, Ste. 2200
San Francisco, CA 94105
Telephone: +1 415.957.3000
Fax: +1 415.957.3001
E-mail: rlseabolt@duanemorris.com

Matthew S. Yungwirth (admitted *pro hac vice*)
Alice E. Snedeker (admitted *pro hac vice*)
**DUANE MORRIS LLP**
1075 Peachtree Street, Ste. 2000
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901
Email: msyungwirth@duanemorris.com
       aesnedeker@duanemorris.com

Counsel for Defendant
ARRIS Solutions, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XR COMMUNICATIONS, LLC dba VIVATO TECHNOLOGIES,<br><br>Plaintiff,<br><br>v.<br><br>ARRIS SOLUTIONS, INC.,<br><br>Defendant. | Case No.: 4:18-cv-2736-JSW<br><br>**ARRIS SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

NOW COMES ARRIS Solutions, Inc. ("ARRIS"), by and through its undersigned counsel, and hereby answers Plaintiff XR Communications LLC dba Vivato Technologies' ("Plaintiff") Complaint for Patent Infringement ("Complaint") as follows.

## JURISDICTION

1. ARRIS admits that the Complaint purports to invoke the patent laws of the United States, 35 U.S.C. § 101, *et seq.* ARRIS further admits that this Court has subject matter jurisdiction over patent-law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and accordingly denies them.

3. ARRIS admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business at 3871 Lakefield Dr., Suwanee, GA 30024 and that an entity in the ARRIS family has an office in this District at 2450 Walsh Avenue, Santa Clara, CA 95051.

4. ARRIS does not dispute that this Court has personal jurisdiction over it with respect to the instant action. ARRIS otherwise denies the allegations in Paragraph 4 of the Complaint.

5. ARRIS admits that venue is appropriate in the U.S. District Court for the Northern District of California and that it has conducted business in this District. ARRIS further admits that it sells the SBG7400AC2 product. ARRIS denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND OF THE TECHNOLOGY

6. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and accordingly denies them.

7. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and accordingly denies them.

8. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and accordingly denies them.

## COUNT ONE:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,062,296

9. ARRIS admits that the '296 Patent is entitled "Forced Beam Switching in Wireless Communication Systems Having Smart Antennas" and that the '296 Patent states that it was issued on June 13, 2006. ARRIS admits that what purports to be a true and correct copy of the '296 Patent is attached to the Complaint as Exhibit A. ARRIS denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. ARRIS denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint based on its use of the vague term "wireless communication system" and accordingly denies them.

12. ARRIS denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. ARRIS denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. ARRIS denies the allegations in Paragraph 14 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "smart antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of Plaintiff's Complaint and accordingly denies them.

15. ARRIS denies the allegations in Paragraph 15 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "smart antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of Plaintiff's Complaint and accordingly denies them.

16. ARRIS denies the allegations in Paragraph 16 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "smart antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiff's Complaint and accordingly denies them.

17. ARRIS denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. ARRIS denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. ARRIS admits that it was aware of the '296 Patent at least as early as February 5, 2018. ARRIS denies the remaining allegations in Paragraph 19 of Plaintiff's Complaint.

20. ARRIS denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. ARRIS denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. ARRIS denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. ARRIS denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. ARRIS denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. ARRIS denies the allegations in Paragraph 25 of Plaintiff's Complaint.

## COUNT TWO:

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,729,728

26. ARRIS admits that the '728 Patent is entitled "Forced Beam Switching in Wireless Communication Systems Having Smart Antennas" and that the '728 Patent states that it was issued on June 1, 2010. ARRIS admits that what purports to be a true and correct copy of the '728 Patent is attached to the Complaint as Exhibit B. ARRIS denies the remaining allegations in Paragraph 26 of Plaintiff's Complaint.

27. ARRIS denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Complaint based on its use of the vague term "wireless communication system" and accordingly denies them.

29. ARRIS denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. ARRIS denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. ARRIS denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. ARRIS denies the allegations in Paragraph 32 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes a "phased array antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Plaintiff's Complaint and accordingly denies them.

33. ARRIS denies the allegations in Paragraph 33 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "phased array antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of Plaintiff's Complaint and accordingly denies them.

34. ARRIS denies the allegations in Paragraph 34 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes a "phased array antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 of Plaintiff's Complaint and accordingly denies them.

35. ARRIS denies the allegations in Paragraph 35 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "phased array antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of Plaintiff's Complaint and accordingly denies them.

36. ARRIS denies the allegations in Paragraph 36 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses a "phased array antenna." ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of Plaintiff's Complaint and accordingly denies them.

37. ARRIS denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. ARRIS admits that it was aware of the '728 Patent at least as early as February 5, 2018. ARRIS denies the remaining allegations in Paragraph 38 of Plaintiff's Complaint.

39. ARRIS denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. ARRIS denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. ARRIS denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. ARRIS denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. ARRIS denies the allegations in Paragraph 41 of Plaintiff's Complaint.

44. ARRIS denies the allegations in Paragraph 42 of Plaintiff's Complaint.

## COUNT THREE:

## INFRINGEMENT OF UNITED STATES PATENT NO. 6,611,231

45. ARRIS admits that the '231 Patent is entitled "Wireless Packet Switched Communication Systems and Networks Using Adaptively Steered Antenna Arrays" and that the '231 Patent states that it was issued on August 26, 2003.  ARRIS admits that what purports to be a true and correct copy of the '231 Patent is attached to the Complaint as Exhibit C.  ARRIS denies the remaining allegations in Paragraph 45 of Plaintiff's Complaint

46. ARRIS denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiff's Complaint based on its use of the vague term "wireless routing network" and accordingly denies them.

48. ARRIS denies the allegations in Paragraph 48 of Plaintiff's Complaint.

49. ARRIS denies the allegations in Paragraph 49 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes an "adaptive antenna."  ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of Plaintiff's Complaint and accordingly denies them.

50. ARRIS denies the allegations in Paragraph 50 of Plaintiff's Complaint that the SURFboard SBG7400AC2 includes or uses an "adaptive antenna."  ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of Plaintiff's Complaint and accordingly denies them.

51. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiff's Complaint and accordingly denies them.

52. ARRIS denies the allegations in Paragraph 52 of Plaintiff's Complaint.

53. ARRIS admits that it was aware of the '231 Patent at least as early as February 5, 2018. ARRIS denies the remaining allegations in Paragraph 53 of Plaintiff's Complaint.

54. ARRIS denies the allegations in Paragraph 54 of Plaintiff's Complaint.

55. ARRIS denies the allegations in Paragraph 55 of Plaintiff's Complaint.

56. ARRIS denies the allegations in Paragraph 56 of Plaintiff's Complaint.

57. ARRIS denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58. ARRIS denies the allegations in Paragraph 58 of Plaintiff's Complaint.

59. ARRIS denies the allegations in Paragraph 59 of Plaintiff's Complaint.

## WILLFUL INFRINGEMENT

60. ARRIS admits that it was aware of the '296 Patent at least as early as February 5, 2018. ARRIS denies the remaining allegations in Paragraph 60 of Plaintiff's Complaint.

61. ARRIS admits that on April 19, 2017, Plaintiff filed suit against Ruckus Wireless, Inc. ("Ruckus"), alleging infringement of the same patents identified in the Complaint in the U.S. District Court for the Central District of California, and that ARRIS International, plc completed its acquisition of Ruckus on December 1, 2017. ARRIS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of Plaintiff's Complaint and accordingly denies them.

62. ARRIS denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63. ARRIS denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64. ARRIS denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65. ARRIS denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66. ARRIS denies the allegations in Paragraph 66 of Plaintiff's Complaint.

67. ARRIS denies the allegations in Paragraph 67 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

To the extent Plaintiff's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, ARRIS denies each and every allegation. Specifically, ARRIS denies that Plaintiff is entitled to any such relief. ARRIS further denies that any conduct on its part subjects ARRIS or its other related entities to liability for damages, enhanced damages under 35 U.S.C. § 284, attorney's fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any other form of relief. ARRIS asks that the Court dismiss the Complaint with prejudice.

## ADDITIONAL DEFENSES

Further answering Plaintiff's Complaint and as additional defenses thereto, ARRIS states the following affirmative and other defenses, without admitting any allegation of the Complaint and without altering any burdens of proof otherwise applicable at law or equity.

### First Affirmative Defense

ARRIS does not and has not infringed any valid and enforceable claim of the '296, '728, and '231 Patents, either directly, indirectly, by inducement, or in any other manner.

### Second Affirmative Defense

Upon information and belief, the claims of the '296, '728, and '231 Patents are invalid, at least in part, pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, pre-AIA 35 U.S.C. §§ 101 (patentability), 102 (anticipation), 103 (obviousness), 112 (indefiniteness and failure to satisfy the written description and/or enablement requirements), and/or the rules, regulations and laws pertaining thereto.

### Third Affirmative Defense

To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from ARRIS's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

### Fourth Affirmative Defense

Plaintiff's claims of infringement against ARRIS regarding the '296, '728, and '231 Patents are barred, and the patents are unenforceable against ARRIS, due to the doctrines of estoppel, license, waiver, and/or acquiescence.

### Fifth Affirmative Defense

Plaintiff's enforcement of the '296, '728, and '231 Patents is barred, in whole or in part, by the doctrine of prosecution history estoppel. ARRIS is investigating the facts relating to the procurement of the '296, '728, and '231 Patents and the assertion of infringement against it, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, ARRIS reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### Reservation of Rights

ARRIS is investigating the facts relating to the procurement of the '296, '728, and '231 Patents and the assertion of infringement against ARRIS, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, ARRIS reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

### PRAYER FOR RELIEF

WHEREFORE, ARRIS prays for relief as follows:

ARRIS's Answer and Affirmative Defenses
to Plaintiff's Complaint                                        Case No. 4:18-cv-02736-JSW

     a.    That the Court enter judgment in favor of ARRIS and against Plaintiff on Plaintiff's claims and order that Plaintiff take nothing from ARRIS;

     b.    That if this Court should find this case exceptional under 35 U.S.C. § 285, it award ARRIS its fees in this action, including reasonable attorneys' fees;

     c.    That ARRIS be awarded its costs in this action; and

     d.    That the Court grant ARRIS such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, ARRIS further demands a trial by jury on all issues so triable.

Dated: May 30, 2018

**DUANE MORRIS LLP**

By: */s/ Matthew S. Yungwirth*
Richard L. Seabolt
Matthew S. Yungwirth
(admitted *pro hac vice*)
Alice E. Snedeker
(admitted *pro hac vice*)

Counsel for
ARRIS Solutions, Inc.